## The Cleveland, Cincinnati, Chicago & St. Louis Railway Company v. The Propst Lumber Company.

1. TROVER—*when, does not lie against carrier.* Trover does not lie against a common carrier where it appears that it received the property in question in its capacity as carrier; that it conveyed the same to the place at which it was consigned to the plaintiff; placed it upon a side-track where it could be conveniently unloaded by the plaintiff and gave the plaintiff notice thereof; and also where it appeared that such carrier notified the plaintiff that under its rule the plaintiff must unload the same within forty-eight hours after such notice, and that in default of its so unloading the same, the plaintiff would be charged $1 per day after the lapse of the said forty-eight hours for the use of such car; and where it likewise appeared that such charge was reasonable, and that the plaintiff refused to remove such merchandise within such time and to pay such charge; and where it further appeared that such carrier did not have sufficient and suitable warehouse room at such point where it might safely keep such merchandise.

Action of trover. Appeal from the Circuit Court of Edgar County; the Hon. H. VAN SELLAR, Judge, presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed June 28, 1904.

GEORGE V. McNULTY, C. S. CONGER and R. L. McKINLEY, for appellant.

DUNDAS & O'HAIR, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

This is an action in trover by appellee against appellant. The defendant filed a special plea setting up that it received the carload of lumber in controversy on one of its cars at Paris, in said county, consigned to appellee, placed the same on a side-track at that station where it could be conveniently unloaded by appellee, and gave notice thereof to appellee and also notified appellee that under the rule of appellant, appellee must unload the lumber from the car within forty-eight hours after such notice, and that appellant would charge one dollar per day or fractional part of a day after the lapse of said forty-eight hours for the use of the car. Appellant further averred that the charge was reasonable, and that appellee refused to remove the lumber

within the forty-eight hours after such notice, and appellant thereupon demanded one dollar for the use of the said car for the day next after the expiration of the forty-eight hours, which appellee refused to pay; that appellant did not have at Paris sufficient and suitable warehouse room in which to place said carload of lumber, and in order to keep the same safely, it had said lumber carefully kept and preserved in the car where the same now is in good condition, and is, and always has been, subject to delivery to plaintiff when he shall demand the same and pay the said sum of one dollar.    To this plea the appellee demurred and the court sustained the demurrer.

Defendant abided by its demurrer, and the court entered judgment by default and assessed plaintiff's damages.    The plea is good.

The demurrer should have been overruled.   Schumacher v. The Chicago and Northwestern Railway Company, 207 Ill. 199.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*